David J. Bodney (006065)
bodneyd@ballardspahr.com
Michael DiGiacomo (032251)
digiacomom@ballardspahr.com
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

Kathleen E. Brody (026331)
kbrody@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85011-0148
Telephone: (602) 650-1854

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

American Civil Liberties Union of Arizona,

Plaintiff,

vs.

U.S. Department of Homeland Security; and U.S. Customs and Border Protection,

Defendants.

No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.**

## **Introduction**

1. The American Civil Liberties Union of Arizona ("Plaintiff" or "ACLU") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to obtain injunctive and other appropriate relief requiring Defendants U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants") to respond to a FOIA request sent by Plaintiff on February 2, 2017 ("Request"), and to promptly disclose the requested records.

2. The Request seeks records concerning CBP's local implementation of President Trump's January 27, 2017 Executive Order titled "Protecting the Nation From Foreign Terrorist Entry Into the United States," Exec. Order No. 13769, 82 Fed. Reg. 8977 (Feb. 1, 2017) ("Executive Order No. 1"), as well as any other judicial order or executive directive issued regarding Executive Order No. 1, including President Trump's March 6, 2017 Executive Order, identically titled, Exec. Order No. 13780, 82 Fed. Reg. 13209 (Mar. 6, 2017) ("Executive Order No. 2") (collectively, "Executive Orders"). A true and correct copy of the Request is attached as **Exhibit A**.

3. Specifically, the Request seeks records concerning CBP's local implementation of the Executive Orders at sites within the purview of CBP's Tucson Field Office, including Phoenix Sky Harbor International Airport.

4. Among other things, the Executive Orders purport to halt refugee admissions and bar entrants from several predominantly Muslim countries from entering the United States.

5. Defendants' implementation of the Executive Orders has been the subject of significant public concern, as reflected by mass protests around the country, substantial news coverage, and numerous lawsuits filed following the President's signing of each Executive Order.

6. Over the weekend of January 27–29, 2017, at least five lawsuits resulted in emergency court orders enjoining implementation of various sections of Executive Order No. 1.[1] On March 15, 2017, a district court enjoined implementation of Sections 2 and 6 of Executive Order No. 2.[2]

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

---

[1] *Vayeghan v. Kelly*, No. CV 17-0702, 2017 WL 396531 (C.D. Cal. Jan. 29, 2017); *Tootkaboni v. Trump*, No. 17-CV-10154, 2017 WL 386550 (D. Mass. Jan. 29, 2017); *Doe v. Trump*, No. C17-126, 2017 WL 388532 (W.D. Wash. Jan. 28, 2017); *Aziz v. Trump*, No. 1:17-CV-116, 2017 WL 386549 (E.D. Va. Jan. 28, 2017); *Darweesh v. Trump*, No. 17 CIV. 480 (AMD), 2017 WL 388504 (E.D.N.Y. Jan. 28, 2017).

[2] *Hawai'i v. Trump*, No. CV 17-00050 DKW-KSC, 2017 WL 1011673 (D. Haw. Mar. 15, 2017).

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

7. News reports described Defendants' implementation of the Executive Orders as "chaotic" and "total[ly] lack[ing] . . . clarity and direction."[3]

8. Official DHS statements reflected this confusion. For example, DHS stated on January 28 that Executive Order No. 1 would "bar green card holders."[4] The next day, however, DHS Secretary John Kelly deemed "the entry of lawful permanent residents to be in the national interest,"[5] and the government clarified that Executive Order No. 1 did *not* apply to green card holders.[6]

9. Reportedly spurred by this chaos, on January 29, Senators Tammy Duckworth and Dick Durbin called upon the Office of the Inspector General of the Department of Homeland Security to investigate Defendants' implementation of Executive Order No. 1.[7] The Senators specifically sought information regarding: any guidance Defendants provided to the White House in developing the order; any directions that were provided to Defendants in implementing it; whether CBP officers complied with the relevant court orders; and whether DHS and CBP officers kept a list of individuals that they had detained at ports of entry under the order. In response, the Inspector General directed Defendants' personnel to preserve all records "that might

---

[3] *See, e.g.*, Ryan Devereaux *et al.*, *Homeland Security Inspector General Opens Investigation of Muslim Ban, Orders Document Preservation*, THE INTERCEPT, Feb. 1, 2017, *available at* https://theintercept.com/2017/02/01/homeland-security-inspector-general-opens-investigation-of-muslim-ban-rollout-orders-document-preservation/.

[4] *See* Max Greenwood, *Immigration Ban Includes Green Card Holders: DHS*, THE HILL, Jan. 28, 2017, *available at* http://thehill.com/policy/national-security/316670-trump-refugee-ban-bars-green-card-holders-report.

[5] *Statement By Secretary John Kelly On The Entry Of Lawful Permanent Residents Into The United States*, DEP'T OF HOMELAND SECURITY (Jan. 29, 2017), *available at* https://www.dhs.gov/news/2017/01/29/statement-secretary-john-kelly-entry-lawful-permanent-residents-united-states.

[6] *See* Robert Mackey, *As Protests Escalate, Trump Retreats From Barring Green Card Holders*, THE INTERCEPT, Jan. 29, 2017, *available at* https://theintercept.com/2017/01/29/trumps-executive-order-no-longer-bars-green-card-holders/.

[7] *See* Ryan Devereaux *et al.*, *Homeland Security Inspector General Opens Investigation of Muslim Ban, Orders Document Preservation*, THE INTERCEPT, Feb. 1, 2017, *available at* https://theintercept.com/2017/02/01/homeland-security-inspector-general-opens-investigation-of-muslim-ban-rollout-orders-document-preservation/.

reasonably lead to the discovery of relevant information relating the implementation of" Executive Order No. 1.[8]

10. The Tucson Field Office oversees ten ports of entry including ports of entry at Phoenix Sky Harbor International Airport. Phoenix Sky Harbor International Airport ranks as the eleventh busiest airport nationally and the twenty-ninth busiest airport globally.[9] It is the sixth-largest hub for American Airlines, a focus city for Southwest Airlines and receives regular international arrivals from Canada, Costa Rica, Mexico and the United Kingdom. In 2016, 1,004,389 passengers deplaned from international flights at Phoenix Sky Harbor International Airport.[10]

11. Disclosure of the records Plaintiff seeks through this action would facilitate the public's understanding of how Defendants implemented and enforced the Executive Orders in the Tucson Field Office, particularly including Phoenix Sky Harbor International Airport. Such information is critical to the public's ability to hold the government accountable.

12. This action is necessary because Defendants have failed to provide Plaintiff with a determination as to whether they will comply with the Request, although more than 20 business days have elapsed since Defendants received the Request.

**Jurisdiction**

13. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. § 1331.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

---

8 *Id.*

9 *Year to Date Passenger Traffic*, AIRPORTS COUNCIL INTERNATIONAL, (April 11, 2016) *available at* http://www.aci.aero/Data-Centre/Monthly-Traffic-Data/Passenger-Summary/Year-to-date

10 *Monthly Statistical Reports – December 2016*, CITY OF PHOENIX AVIATION DEPARTMENT SKY HARBOR INTERNATIONAL AIRPORT FINANCIAL MANAGEMENT DIVISION, *available at* https://skyharbor.com/docs/default-source/pdfs/StatisticsReports/stat-jan-dec-2016.pdf?sfvrsn=4

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

## Venue

14. Venue in the District of Arizona is proper under 5 U.S.C. § 552(a)(4)(B) because the requested agency records are, upon information and belief, situated within this District at CBP facilities at or near Phoenix Sky Harbor International Airport and the Tucson Field Office, and because the principal place of business of Plaintiff American Civil Liberties Union of Arizona is in the District of Arizona. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

## Parties

15. Plaintiff is a non-profit, 501(c)(4) membership organization that educates the public about the civil liberties implications of pending and proposed state and federal legislation, provides analysis of pending and proposed legislation, directly lobbies legislators, and mobilizes its members to lobby their legislators.

16. Defendant Department of Homeland Security is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

17. Defendant U.S. Customs and Border Protection is a component of DHS and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

18. Plaintiff is informed and therefore believes that Defendants have possession, custody or control of the requested records.

## Facts

19. On February 2, 2017, Plaintiff sent the Request to CBP's Tucson Field Office and CBP's FOIA Officer at CBP Headquarters via certified, trackable mail, with United States Postal Service tracking numbers of 70162710000086270193 and 70162710000086270186, respectively.

20. The Request sought copies of CBP's local interpretation and enforcement of the Executive Order at (a) Phoenix Sky Harbor International Airport ("Local International Airport"); and (b) Phoenix Port of Entry ("Port of Entry Office"). (The Request expressly did *not* seek information held in the records of CBP Headquarters.)

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

21. Specifically, the Request sought the following:

22. "Records created on or after January 27, 2017 concerning CBP's interpretation, enforcement, and implementation of the following at Local International Airport:

a. President Trump's Executive Order, signed on January 27, 2017 and titled 'Protecting the Nation From Foreign Terrorist Entry Into the United States';

b. Any guidance 'provided to DHS field personnel shortly' after President Trump signed the Executive Order, as referenced in CBP's online FAQ;[11]

c. Associate Director of Field Operations for U.S. Citizenship and Immigration Services Daniel M. Renaud's email, sent at 11:12 A.M. on January 27, 2017, instructing DHS employees that they could not adjudicate any immigration claims from the seven targeted countries;[12]

d. Judge Donnelly's Decision and Order granting an Emergency Motion for Stay of Removal, issued in the Eastern District of New York on January 28, 2017, including records related to CBP's efforts to comply with the court's oral order requiring prompt production of a list of all class members detained by CBP;[13]

---

[11] To assist CBP in responding, the Request included the following information in a footnote for reference: "*Protecting the Nation from Foreign Terrorist Entry into the United States*, U.S. CUSTOMS AND BORDER PROTECTION (Jan. 31, 2017), *available at* https://www.cbp.gov/border-security/protecting-nation-foreign-terrorist-entry-united-states ('The Executive Order and the instructions therein were effective at the time of the order's signing. *Guidance was provided to DHS field personnel shortly thereafter*.') (emphasis added)."

[12] The following footnote was included for reference: "*See* Alice Speri and Ryan Devereaux, *Turmoil at DHS and State Department—'There Are People Literally Crying in the Office Here,'* THE INTERCEPT, Jan. 30, 2017, *available at* https://theintercept.com/2017/01/30/asylum-officials-and-state-department-in-turmoil-there-are-people-literally-crying-in-the-office-here/."

[13] The following footnote was included for reference: "Decision and Order, *Darweesh v.*

  e. Judge Brinkema's Temporary Restraining Order, issued in the Eastern District of Virginia on January 28, 2017;[14]

f. Judge Zilly's Order Granting Emergency Motion for Stay of Removal, issued in the Western District of Washington on January 28, 2017;[15]

g. Judge Burroughs' Temporary Restraining Order, issued in the District of Massachusetts on January 29, 2017;[16]

h. Judge Gee's Order granting an Amended *Ex Parte* Application for Temporary Restraining Order, issued in the Central District of California on January 29, 2017;[17]

i. Assurances from the U.S. Attorney's Office for the Eastern District of Pennsylvania that all individuals detained at Philadelphia International Airport under the Executive Order would be admitted to the United States and released from custody on Sunday, January 29, 2017;

j. DHS's 'Response to Recent Litigation' statement, issued on January 29, 2017;[18]

---

*Trump*, No. 17 Civ. 480 (AMD) (E.D.N.Y. Jan. 28, 2017), *available at* https://www.aclu.org/legal-document/darweesh-v-trump-decision-and-order."

[14] The following footnote was included for reference: "Temporary Restraining Order, *Aziz v. Trump*, No. 1:17-cv-116 (E.D. Va. Jan. 28, 2017), *available* at https://www.justice4all.org/wp-content/uploads/2017/01/TRO-order-signed.pdf.

[15] The following footnote was included for reference: "Order Granting Emergency Motion for Stay of Removal, *Doe v. Trump*, No. C17-126 (W.D. Wash. Jan. 28, 2017), *available at* https://www.justsecurity.org/wpcontent/uploads/2017/01/Seattle-Order.pdf."

[16] The following footnote was included for reference: "Temporary Restraining Order, *Tootkaboni v. Trump*, No. 17-cv-10154 (D. Mass. Jan. 29, 2017), *available at* https://aclum.org/wp-content/uploads/2017/01/6-TRO-Jan-29-2017.pdf."

[17] The following footnote was included for reference: "Order, *Vayeghan v. Trump*, No. CV 17-0702 (C.D. Cal. Jan. 29, 2017), *available at* https://www.aclusocal.org/sites/default/files/vayeghan_-_order_re_tro.pdf."

[18] The following footnote was included for reference: "*Department of Homeland Security Response to Recent Litigation*, DEP'T OF HOMELAND SECURITY (Jan. 29, 2017), *available at* https://www.dhs.gov/news/2017/01/29/department-homeland-security-response-recent-litigation."

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

k. DHS Secretary John Kelly's 'Statement on the Entry of Lawful Permanent Residents Into the United States,' issued on January 29, 2017;[19]

l. DHS's 'Statement on Compliance with Court Orders and the President's Executive Order,' issued on January 29, 2017;[20] and

m. Any other judicial order or executive directive issued regarding the Executive Order on or after January 27, 2017.

23. Records concerning the number of individuals who were detained or subjected to secondary screening, extending questioning, an enforcement examination, or consideration for a waiver at Local International Airport pursuant to the Executive Order, including:

a. The total number of individuals who remain detained or subject to secondary screening, extending questioning, an enforcement examination, or consideration for a waiver at Local International Airport both as of the date of this request and as of the date on which this request is processed; and

b. The total number of individuals who have been detained or subjected to secondary screening, extending questioning, an enforcement examination, or consideration for a waiver for any length of time at Local International Airport since January 27, 2017, including the number of individuals who have been

i. released,

ii. transferred into immigration detention, or

---

19 *Statement By Secretary John Kelly On The Entry Of Lawful Permanent Residents Into The United States*, DEP'T OF HOMELAND SECURITY (Jan. 29, 2017), *available at* https://www.dhs.gov/news/2017/01/29/statement-secretary-john-kelly-entry-lawful-permanent-residents-united-states.

20 The following footnote was included for reference: "*DHS Statement On Compliance With Court Orders And The President's Executive Order*, DEP'T OF HOMELAND SECURITY (Jan. 29, 2017), *available at* https://www.dhs.gov/news/2017/01/29/dhs-statement-compliance-court-orders-and-presidents-executive-order."

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

        Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

iii. removed from the United States;

2. Records concerning the number of individuals who have been removed from Local International Airport from January 27, 2017 to date pursuant to the Executive Order;

3. Records concerning the number of individuals who arrived at Local International Airport from January 27, 2017 to date with valid visas or green cards who subsequently agreed voluntarily to return; and

4. Records containing the 'guidance' that was 'provided to DHS field personnel shortly' after President Trump signed the Executive Order."[21]

Exh. A. at 5–9.

24. The Request included an application for expedited processing, on the grounds that there is a "compelling need" for these records under 5 U.S.C. § 552(a)(6)(E)(v)(II) because the information requested is "urgen[tly]" needed by an organization primarily engaged in disseminating information "to inform the public concerning actual or alleged Federal Government activity." Exh. A at 9–13.

25. The Request provided detail showing that the ACLU is primarily engaged in disseminating information within the meaning of 5 U.S.C. § 552(a)(6)(E)(v), given that a critical and substantial aspect of the ACLU's mission is to obtain information about government activity, analyze that information and publish and disseminate that information widely to the press and public. Exh. A at 9–13.

26. The Request described examples of the ACLU's information-dissemination function. Exh. A at 9–13. Specifically, the Request described the ACLU's dissemination of information to the public, including information obtained through FOIA requests, through an email list of approximately 35,000 Arizonans, via social media (ACLU-AZ

---

[21] The following footnote was included for reference: "*Protecting the Nation from Foreign Terrorist Entry into the United States*, U.S. CUSTOMS AND BORDER PROTECTION (Jan. 31, 2017), *available at* https://www.cbp.gov/border-security/protecting-nation-foreign-terrorist-entry-united-states ('The Executive Order and the instructions therein were effective at the time of the order's signing. *Guidance was provided to DHS field personnel shortly thereafter*.') (emphasis added)."

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

has more than 14,000 Facebook followers and 7,500 Twitter followers), and through a printed newsletter delivered to roughly 9,500 homes in Arizona.

27. The Request also included an application for a fee waiver or limitation under 5 U.S.C. § 552(a)(4)(A)(iii) on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." In particular, the ACLU emphasized that the Request would significantly contribute to public understanding on a matter of profound public importance about which scant specific information had been made public (*i.e.*, how local CBP Field Offices had enforced, and continue to enforce, the Executive Orders). The Request also made clear that the ACLU plans to disseminate the information disclosed as a result of the Request to the public at no cost. Exh. A at 13.

28. The Request also applied for a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) on the grounds that Plaintiff qualifies as "representatives of the news media" and the records are not sought for commercial use, given the ACLU's non-profit mission and substantial activities to publish information for dissemination to the public, as discussed in greater detail in ¶ 26 above.

29. CBP received the Request on February 6, 2017. *See* **Exhibit B**.

30. CBP has not acknowledged receipt of the Request.

31. As of April 12, 2017, more than 20 days (excepting Saturdays, Sundays and legal public holidays) have elapsed since CBP received the Request.

32. As of the filing date of this Complaint, Defendants have *not* notified Plaintiff of a determination as to whether Defendants will comply with the Request.

33. Because Defendants failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted its administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

**Violation of FOIA for Failure to Provide a Determination Within 20 Business Days**

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above, inclusive.

35. Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 days (excepting Saturdays, Sundays and legal public holidays) after receiving the request, and also have a legal duty to immediately notify a requester of the agency's determination and the reasons therefor.

36. Defendants' failure to determine whether to comply with the Request within 20 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

**Violation of FOIA for Failure to Make Records Available**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above, inclusive.

38. Plaintiff has a legal right under FOIA to obtain the specific agency records requested on February 2, 2017, and there exists no legal basis for Defendants' failure to make the requested records promptly available to the Plaintiff, its members and the public.

39. Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

40. On information and belief, Defendants' currently have possession, custody or control of the requested records.

**Violation of FOIA for Failure to Provide a Determination As To Expedited Processing Within 10 Days**

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above, inclusive.

42. Defendants have a legal duty under FOIA to determine whether to provide expedited processing, and to provide notice of that determination to the ACLU, within 10 days after the date of the Request.

43. Defendants' failure to determine whether to provide expedited processing and to provide notice of that determination to Plaintiff within 10 days after the date of the Request violates FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and applicable regulations promulgated thereunder.

44. Because Defendants have not provided a complete response to the Request, this Court has jurisdiction under FOIA, 5 U.S.C. § 552(a)(6)(E)(iv), to review Defendants' failure to make a determination concerning the Plaintiff's request for expedited processing.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

**WHEREFORE**, Plaintiff requests that the Court award it the following relief:

1. Declare that Defendants violated FOIA by failing to determine whether to comply with the Request within 20 business days and by failing to immediately thereafter notify the Plaintiff of such determination and the reasons therefor;

2. Declare that Defendants violated FOIA by unlawfully withholding the requested records;

3. Declare that Defendants violated FOIA by failing to determine whether to provide expedited processing, and to provide notice of that determination to Plaintiff, within 10 days;

4. Order Defendants to immediately disclose the requested records to the public and make copies immediately available to Plaintiff without charge for any search or duplication fees, or, in the alternative, provide for expedited proceedings to adjudicate Plaintiff's rights under FOIA;

5. Award Plaintiff their its costs and attorneys' fees; and

6. Grant such other relief as the Court may deem just and proper.

/ / /

/ / /

DATED this 12th day of April, 2017.

Respectfully submitted,

BALLARD SPAHR LLP

By: *s/ David J. Bodney*

David J. Bodney
Michael A. DiGiacomo
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

Kathleen E. Brody
kbrody@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85011-0148

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, Arizona 85004-2555

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of April, 2017, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

*s/ Tasha Hart*