David J. Bodney (006065)
bodneyd@ballardspahr.com
Michael A. DiGiacomo (032251)
digiacomom@ballardspahr.com
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595

Kathleen E. Brody (026331)
kbrody@acluaz.org
William B. Peard (033831)
bpeard@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85011-0148
Telephone:   602. 650.1854

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| American Civil Liberties Union of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Department of Homeland Security; and U.S. Customs and Border Protection,<br><br>Defendants. | No. CV-17-01083-PHX-DJH<br><br>**MOTION FOR ORDER SETTING SCHEDULE FOR PRODUCTION OF RESPONSIVE DOCUMENTS** |

The American Civil Liberties Union of Arizona ("Plaintiff"), by its undersigned counsel, brings this Motion for Order Setting Schedule for Production of Responsive Documents (the "Motion"). Plaintiff seeks entry of an order directing Defendants U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP" and, together with DHS, the "Defendants") to produce documents responsive to Plaintiff's Freedom of Information Act request.

DMWEST #17124298 v1

## I.    BACKGROUND

On April 12, 2016, Plaintiff filed its Complaint for Declaratory and Injunctive Relief for Violation of the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("Complaint"). Pursuant to the Complaint, Plaintiff seeks injunctive and other appropriate relief requiring Defendants to respond to a Freedom of Information Act ("FOIA") request issued on February 2, 2017 (the "FOIA Request"), and to disclose the requested records promptly.

The FOIA Request seeks records concerning Defendants' local implementation of President Trump's January 27, 2017 Executive Order titled "Protecting the Nation From Foreign Terrorist Entry Into the United States," Exec. Order No. 13769, 82 Fed. Reg. 8977 (Feb. 1, 2017) (the "Executive Order"), as well as any other judicial order or executive directive issued regarding the Executive Order, including President Trump's March 6, 2017 Executive Order, identically titled, Exec. Order No. 13780, 82 Fed. Reg. 13209 (Mar. 6, 2017).

To date, though more than seven months have passed since Defendants' receipt of the FOIA request, Defendants have provided absolutely no records responsive to the FOIA Request.[1] This Court has not entered a scheduling order or otherwise directed Defendants to produce documents responsive to the FOIA Request.

Soon after the initiation of this case, Defendants unilaterally chose, for purposes of searching and reviewing responsive documents, to consolidate the FOIA Request with similar requests independently filed by other ACLU affiliates in other parts of the county (the "Consolidated Requests").[2] Pursuant to this decision to consolidate, Defendants

---

[1] Defendants have produced allegedly responsive documents and communications generated by CBP and DHS at the national level, but these documents are plainly unresponsive. The FOIA Request expressly did *not* seek information held in the records of CBP or DHS Headquarters.

[2] Seventeen other FOIA requests were filed by various affiliates of the American Civil Liberties Union affiliates seeking information regarding *local* implementation of the Executive Order and related executive orders. Similar to the FOIA Request at issue in this case, these other requests did *not* seek information held in the records of CBP or DHS Headquarters.

have unilaterally chosen to conduct a single search across all custodians of records rather than run separate searches in the records collected from the custodians holding records responsive to the FOIA Request. To date, Defendants evidently have not begun the process of reviewing documents responsive to the FOIA Request, and say they are unable to estimate when they will produce records regarding the local interpretation and enforcement of the Executive Order at Phoenix Sky Harbor International Airport and Phoenix Port of Entry pursuant to the FOIA Request. Defendants have, however, informed Plaintiff that they have applied a list of unilaterally-chosen search terms to the email boxes of three custodians relevant to the FOIA Request—the Director of Field Operations for the Tucson Field Office, the Assistant Director of Field Operations for the Tucson Field Office and the Port Director of the Phoenix Port of Entry. Defendants report that application of the search terms has returned approximately 3,857 documents totaling approximately 9,280 pages held by custodians in Arizona.

More recently Defendants have informed Plaintiff that due to the implementation of scheduling orders in lawsuits filed regarding other of the Consolidated Requests seeking similar relief, Defendants will further delay the processing and production of records responsive to the FOIA Request.

**II.    ARGUMENT**

A critical and substantial aspect of the ACLU's mission is to secure information about government activity, analyze that information and publish and disseminate that information to the press and public. Defendant's failure to review and produce records responsive to the FOIA Request on a timely basis thwarts this mission. It also undermines the public's ability to hold the government accountable for its actions, a core principal of the FOIA. Plaintiff filed the FOIA Request nearly a year ago, yet no more is known today about the government's implementation of the Executive Order at the local level than was known in the days after its issuance.

Short of an order from this Court directing the Defendants to produce responsive documents by a date certain, or on a reasonably prompt production schedule, Defendants

may never respond to the FOIA Request with anything approaching dispatch. Although Defendants have identified a significant number of responsive records, they have not dedicated the necessary attention to complete the review and production of these records as required by the FOIA.

Plaintiff is entitled to the timely production of responsive documents under the FOIA. Defendants have merely taken the position that they have no obligation to timely produce documents based on their claim that they lack personnel to either respond to the Consolidated Requests simultaneously, or respond to each Consolidated Request on an individual basis, with enough speed to allow for a timely response to all requests. Whatever the basis for this unreasonable delay, Defendants cannot be allowed to continue to delay production of responsive documents to the FOIA Request.

## III. REQUESTED RELIEF

Plaintiff requests that this Court enter an order directing Defendants to begin producing records responsive to the FOIA Request. Plaintiff proposes that production begin on the first day of the month following the entry of an order and that each monthly production consist of 1,000 pages on the first of each month for nine months, or until Defendants have produced all records responsive to the FOIA Request.

DATED this 13th day of December, 2017.

Respectfully submitted,

BALLARD SPAHR LLP

By: *s/ Michael A. DiGiacomo*
    David J. Bodney
    Michael A. DiGiacomo
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555

    Kathleen E. Brody
    kbrody@acluaz.org
    William B. Peard
    bpeard@acluaz.org
    ACLU Foundation of Arizona
    3707 North 7th Street, Suite 235
    Phoenix, AZ 85011-0148

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

## CERTIFICATE OF SERVICE

I certify that on the 13th day of December, 2017, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.


By: /s/ Tasha Hart